# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** : : : | |
| **Plaintiff,** : : | Case No. 2:25-cv-805 |
| v. : : | Judge Algenon L. Marbley |
| **JEFFREY L. CLELAND, et al.,** : : | Magistrate Judge Kimberly A. Jolson |
| **Defendants.** : | |

## OPINION & ORDER

Plaintiff Allstate Vehicle and Property Insurance Company filed suit against Defendants Jeffrey L. Cleland, Jennifer Nichols, and K.N., a minor child, on June 26, 2025.  (*See* ECF No. 1). Allstate seeks a declaratory judgment stating that it "owes no duty to provide any coverage" or "defend" Mr. Cleland in a state court defamation case, *see Nichols v. Cleland*, No. 25-cv-81 (Union Cnty. Common Pleas Ct.), as well as costs.  (ECF No. 1 at 8).  According to Allstate, Nichols brought the state court case against Cleland, and Cleland requested that Allstate defend and indemnify him.  (*Id.* at 2, 7).  Now, Allstate seeks a voluntary dismissal of this action without prejudice per Rule 41(a)(2), noting that it no longer wishes to pursue a claim for declaratory judgment and anticipates a resolution of the underlying state court lawsuit, pending state probate court approval of the settlement.  (ECF No. 9 at 1).

As a threshold matter, Allstate could have already voluntarily dismissed without Court order under Rule 41(a)(1)(A) because no answers or summary judgment motions have been filed. *See* Fed. R. Civ. P. 41(a)(1)(A); *Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 749 (6th Cir. 2023) ("Before the opposing party serves either an answer or a motion for summary judgment . . . plaintiffs can dismiss an action 'without a court order.'").  Nevertheless, the Court also "can

dismiss a case 'on terms that the court considers proper'" pursuant to Rule 41(a)(2). *Frechette v. Health Recovery Servs., Inc.*, 2024 WL 1209563, at *1 (S.D. Ohio Mar. 21, 2024) (Marbley, J.) (quoting Fed. R. Civ. P. 41(a)(2)). In either case, dismissal is without prejudice, unless stated otherwise. Fed. R. Civ. P. 41(a)(1)(B), (a)(2).

Dismissal under Rule 41(a)(2) "is within the sound discretion of the district court," and an abuse of discretion is only found where the defendants "would suffer 'plain legal prejudice.'"[1] *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). To evaluate plain legal prejudice, this Court considers (1) defendants' efforts and expense in preparing for trial; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting; (3) any insufficient explanation for the need to dismiss; and (4) whether the defendant has moved for summary judgment. *Frechette*, 2024 WL 1209563, at *2 (citing *Grover*, 33 F.3d at 718).

Here, Defendants would not suffer plain legal prejudice. They stipulated to an extension of time to move or plead because they had reached a settlement. (*See* ECF No. 8.) Moreover, Allstate could have voluntarily dismissed this case without Court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Accordingly, the Court **GRANTS** Plaintiff's Motion, **DISMISSES** this case **WITHOUT PREJUDICE**, and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

IT IS SO ORDERED.

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:  November 18, 2025**

---

[1] There mere presence of plain legal prejudice does not definitively foreclose the ability of the district court to grant dismissal. *See Pedreira*, 79 F.4th at 749 n.2. Rather, dismissal *could* be an abuse of discretion only in circumstances where plain legal prejudice is found.

2